# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

___

**JESSE AARON DAUL,**
      **Plaintiff,**

    **v.**                                                                                   Case No. 18-C-566

**VICTORIA E. BAUER and JOHN DOE,**
      **Defendants.**

___

# ORDER

Jesse Aaron Daul, proceeding pro se, brings this action under 42 U.S.C. § 1983. Daul seeks leave to proceed without prepaying the filing fee under 28 U.S.C. § 1915. Based on his request, Daul is unable to pay such fees or give security therefor, so I will grant his motion.

"Notwithstanding any filing fee, or any portion thereof, that may have been paid," I must dismiss a complaint, or any portion of it, if I determine "at any time" that it "fails to state a claim on which relief may be granted." § 1915(e)(2)(B)(ii). A complaint states a claim on which relief may be granted if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Daul's complaint alleges as follows: In 2000, he sexually assaulted Victoria Bauer, "which resulted in the birth of a child." Compl., Docket No. 1, at 1. Bauer concealed the child from Daul for 15 years "to protect [him] from criminal prosecution" and went on to work for the Brown County Sheriff's Department and the Green Bay Police Department. *Id.* During that time, Bauer sexually assaulted Daul twice, which "result[ed] in the birth of" two more children. *Id.* at 2.

Beyond these initial allegations, Daul's complaint is basically indecipherable. He mentions abuse and assaults in prison, possible gang activity, "being subject to distant radio and/or telecommunication 'White Noise,'" and development of "a severe 'HYPER VIGILANCE' bordering [on] psychic abilities," among other things. *See id.* at 2–3. Daul seeks damages, as well as "DNA acknowledgement of [his] parental rights and Shared Placement/Custody of" his alleged children, the inclusion of his name on their birth records, and "changes of such children's Surnames from being 'Bauer' to 'Bauer-Daul,'" among other things. *See id.* at 3–4.

The only thing that I can say with certainty about this case is that "'child custody decrees' remain outside federal jurisdictional bounds." *Marshall v. Marshall*, 547 U.S. 293, 308 (2006) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992)). Therefore, I cannot adjudicate Daul's claims concerning custody of Bauer's children.

Indeed, I cannot discern from the complaint's factual allegations a single legal claim on which relief may be granted over which this court has jurisdiction. Accordingly, I will exercise my "authority to dismiss [the] complaint because it is confusing." *Fid. Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 412 F.3d 745, 749 (7th Cir. 2005). As "a confusing pleading is not ordinarily a fatal defect," I will give Daul an opportunity to amend his complaint. *See id.* If he does not do so in a timely manner, as ordered below, or if "despite repeated attempts," he "is unable to draft an intelligible complaint," I will dismiss this case without prejudice. *Id.*

**THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket No. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's complaint (Docket No. 1) is **DISMISSED** for failure to state a claim on which relief may be granted.

**IT IS FURTHER ORDERED** that plaintiff shall amend his complaint on or before **May 31, 2018**, using the form entitled "Complaint for Non-Prisoner Filing Without a Lawyer," available through the Clerk of Court's office or on the court's website at http://www.wied.uscourts.gov/forms/guide-and-complaint-non-prisoner-filing-without-lawyer. If plaintiff does not timely amend his complaint, I will infer that he does not wish to proceed with this action, and I will dismiss it without prejudice and without further notice for failure to diligently prosecute it. *See* Civil L. R. 41(c) (E.D. Wis.).

Dated at Milwaukee, Wisconsin, this 1st day of May, 2018.

                                                  s/Lynn Adelman_____
                                                  LYNN ADELMAN
                                                  District Judge